UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTIN MORALES, <br><br> Plaintiff, <br><br> v. <br><br> GRANT COUNTY COMMISSIONERS, et al., <br><br> Defendants. | CAUSE NO. 1:20-CV-197-HAB-SLC |

OPINION AND ORDER

Martin Morales, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983, about his arrest and alleged errors at his trial. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Morales sues the Grant County Commissioners, the Grant County Sheriff, and the Indiana Department of Correction for wrongful conviction and illegal imprisonment. He raises three claims (1) he was not allowed to cross-examine witnesses

at trial, (2) there were chain of custody issues with the drug evidence presented at trial, and (3) the arrest warrant was improper and illegal.

The first two claims are prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). Morales does not allege, nor can it be plausibly inferred, that his conviction has been vacated on appeal, set aside, or otherwise called into question. Indeed, Morales' habeas corpus petition in cause number 3:20-CV-61-PPS-MGG, is still pending before the Honorable Philip P. Simon, and presents the first two claims raised here. If he were to prove his claims about not being able to cross-examine witnesses or improper evidence being presented at trial, that would call into question his conviction. These claims cannot be brought in a § 1983 suit while his conviction is still standing.

The same concerns are not present for Morales' third claim about the improper and illegal warrant. "Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment." *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995). The court is unable, however, to determine whether this claim runs into the

2

*Heck* bar because the circumstances behind the alleged illegal warrant are not detailed in the complaint.

Regardless, even if this claim is proper under *Heck*, none of the named defendants have any apparent connection to the alleged illegal arrest. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klota*, 769 F.3d 517, 528 (7th Cir. 2014) (affirming dismissal of Milwaukee County and "court commissioner" for lack of personal involvement with Fourth Amendment claim for arrest without probable cause). Here, the complaint contains no indication that any of the defendants were personally involved in the arrest. Instead, it appears Morales is suing them for failing to remedy the alleged constitutional violations based on their supervisory or policy-making role in the criminal justice system. This type of claim falls under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Liability under § 1983 cannot be based on a failure to investigate a single, past constitutional violation. *See Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006) (noting municipal liability could be based on "failure to act in response to *repeated* complaints of constitutional violations by its officers" (emphasis added)).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

3

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Morales to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS Martin Morales leave to file an amended complaint by **April 30, 2021**; and

(2) CAUTIONS Martin Morales that if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because the current complaint fails to state a claim.

SO ORDERED on March 30, 2021.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4